UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Case No. 2:26-cv-4759
*(to be filled in by the Clerk's Office)*

SHERLY LILY

*Plaintiff,*

-v-

JOSEPH NOCELLA JR., in his official capacity as U.S. Attorney for Eastern District of New York, TODD BLANCHE, in his official capacity as Attorney General of the United States, JOSEPH B. EDLOW in his official capacity as Director of United States Citizenship and Immigration Services (USCIS), MARKWAYNE MULLIN, in his official capacity as Secretary, U.S. Department Of Homeland Security, and THOMAS CIOPPA, in his capacity as New York District Director for United States Citizenship and Immigration Services (USCIS)

Defendants.

## COMPLAINT AND ACTION IN MANDAMUS

### INTRODUCTION

1. Plaintiff, Sherly Lily ("Plaintiff"), respectfully brings this action pursuant to 8 U.S.C. § 1447(b), 28 U.S.C. § 1361, and the Administrative Procedure Act, 5 U.S.C. §§ 555(b) and 706(1), seeking judicial intervention after the United States Citizenship and Immigration Services ("USCIS") failed to adjudicate her Form N-400, Application for Naturalization, within the time required by law.
2. Plaintiff filed Form N-400, Receipt Number IOE0921727987, seeking naturalization as a citizen of the United States.
3. USCIS scheduled Plaintiff for her naturalization examination, which was conducted on April 25, 2024.
4. During the examination, Plaintiff successfully completed the English language and United States history and civics tests. At the conclusion of the interview, USCIS issued Form N-652 advising that a decision could not yet be made regarding her application.
5. More than 120 days have elapsed since Plaintiff's examination, yet USCIS has failed to render a final decision on her naturalization application.

6. Pursuant to 8 U.S.C. § 1447(b), this Court has exclusive jurisdiction over Plaintiff's pending naturalization application and may either determine the application or remand the matter to USCIS with appropriate instructions.

## JURISDICTION AND VENUE

7. This Court has jurisdiction pursuant to:

- 28 U.S.C. § 1331;
- 28 U.S.C. § 1361;
- 5 U.S.C. §§ 701-706;
- 8 U.S.C. § 1447(b).

8. Venue is proper in the **United States District Court for the Eastern District of New York** pursuant to 28 U.S.C. § 1391(e) because Plaintiff resides within this judicial district and a substantial part of the events giving rise to this action occurred within this District.

## PARTIES

9. Plaintiff **Sherly Lily** is a lawful permanent resident residing in Suffolk County, New York.
10. Plaintiff became a lawful permanent resident of the United States on **August 25, 2020**, and remains eligible to pursue naturalization.
11. Defendant **Joseph B. Edlow** is the Director of USCIS and is responsible for administering the nation's immigration and naturalization laws.
12. Defendant **Thomas Cioppa** is the Field Office Director of the USCIS New York City Field Office, the office responsible for adjudicating Plaintiff's naturalization application.
13. Defendant **Markwayne Mullin** is the Secretary of the Department of Homeland Security.
14. Defendant **United States Citizenship and Immigration Services** is the federal agency responsible for adjudicating applications for naturalization.
15. Defendant **United States of America** is responsible for the acts of its agencies and officers.

## FACTUAL ALLEGATIONS

16. Plaintiff timely filed **Form N-400, Application for Naturalization (Receipt No. IOE0921727987).**
17. USCIS accepted the application for processing and scheduled Plaintiff for her naturalization interview.
18. Plaintiff appeared for her examination on **April 25, 2024**, fully complied with all USCIS requirements, and answered all questions truthfully.

19. Plaintiff successfully passed the English language examination and the civics examination.
20. At the conclusion of the interview, USCIS issued Form N-652 indicating that **a decision could not yet be made** on Plaintiff's application.
21. Plaintiff has complied with every request made by USCIS and has remained eligible for naturalization.
22. Plaintiff's Form N-400, **Receipt Number IOE0921727987**, remains pending despite the passage of more than two years since the naturalization examination.
23. USCIS has neither approved nor denied Plaintiff's application.
24. The prolonged delay has deprived Plaintiff of the rights, privileges, and responsibilities of United States citizenship.
25. Defendants' failure to adjudicate Plaintiff's application constitutes an unreasonable delay and is contrary to federal law.

**FIRST CAUSE OF ACTION**

**(8 U.S.C. § 1447(b))**

26. Plaintiff incorporates the preceding paragraphs.
27. Under **8 U.S.C. § 1447(b)**, if USCIS fails to make a determination within 120 days after the naturalization examination, the applicant may apply to the United States District Court.
28. Plaintiff's examination occurred on **April 25, 2024**.
29. More than 120 days have elapsed since that examination.
30. This Court therefore has jurisdiction to determine Plaintiff's application or remand the matter to USCIS with appropriate instructions.

**SECOND CAUSE OF ACTION**

**(Mandamus – 28 U.S.C. § 1361)**

31. Plaintiff repeats and realleges all preceding paragraphs.
32. Defendants have a clear, nondiscretionary duty to adjudicate properly filed naturalization applications.
33. Plaintiff has a clear legal right to a timely adjudication.
34. Defendants have failed to perform that duty.
35. Plaintiff has no other adequate remedy available.

**THIRD CAUSE OF ACTION**

**(Administrative Procedure Act)**

36. Plaintiff incorporates all previous paragraphs.
37. The Administrative Procedure Act requires federal agencies to conclude matters presented to them within a reasonable time.
38. Defendants have unlawfully withheld and unreasonably delayed final agency action.
39. Plaintiff is entitled to relief under **5 U.S.C. §§ 555(b) and 706(1).**

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Assume jurisdiction over this action pursuant to **8 U.S.C. § 1447(b);**

B. Determine Plaintiff's eligibility for naturalization or, alternatively, remand the matter to USCIS with instructions to adjudicate Plaintiff's Form N-400 within **30 days** of this Court's Order;

C. Issue a writ of mandamus compelling Defendants to perform their statutory duty to adjudicate Plaintiff's application without further delay;

D. Declare that Defendants have unlawfully withheld and unreasonably delayed agency action;

E. Award Plaintiff her costs and expenses as permitted by law; and

F. Grant such other and further relief as this Court deems just and proper.

Dated: Hauppauge, New York
August 05, 2026

JUDITH C. GARCIA, ESQ.
Attorney for Plaintiff
888 Veterans Memorial Highway, Suite 405
Hauppauge, New York 11788